THE HASTINGS INDUSTRIAL COMPANY, Appellants, v. JOHN BAXTER et al., Respondents.

Kansas City Court of Appeals, June 3, 1907.

1. APPELLATE PRACTICE: Bill of Exceptions: Matters of Review. Where there is no bill of exceptions the appellate court cannot consider the action of the trial court as to instructions or the admission of evidence or its other holdings on the trial.

2. ————: ————: Petition: Answer. Where the petition counted on a contract and one defendant's answer was *non est factum* and there was a finding for such defendant and no bill of exceptions was filed, the appellate court must affirm the judgment as to such defendant.

3. CONTRACT: Pleading: Answer: Statute. Where an answer sets up that the plaintiff has received full pay under the contract from other parties thereto it presents a good defense; and so, also, where the answer sets up the purpose of the con-

tract and agreement sued on was to lessen full and free competition in the product and sale of certain articles of trade, it sets up a good defense under section 8966, Revised Statutes 1899.

4. **CORPORATION:** Stockholders: Estoppel. Any devise by which stockholders of a corporation seek to avoid the liability imposed upon them by law is void as to creditors, but that has no application in an action against a subscriber to a corporation who failed and refused to become a stockholder.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*F. S. Hefferman* for appellants.

(1) The shareholders are bound to make good to the creditor to the extent of their subscription in some form of proceeding, Walker v. Lewis, 49 Tex. 123. Liability of shareholders to creditors are not exhausted until they have made full payment of their subscription. Green v. Medical Co., 96 Cal. 322; Railroad v. Spreckles, 65 Cal. 193; Gainey v. Gilson, 149 Ind. 58; Spense v. Iowa Con. Co., 36 Iowa 407; Monaghan v. Hall, 18 La. Ann. 310. (2) A stipulation in the contract of subscription that it shall be payable only on the call of the company is valid as between shareholders but will not be allowed to defeat the rights of creditors. Curry v. Woodward, 53 Ala. 371. (3) It is a favorite doctrine of the American courts, that the capital stock and other property of a corporation are to be deemed a trust fund for the payment of the debts of the corporation. Curry v. Woodward, 53 Ala. 371; Crandall v. Lincoln, 52 Conn. 73; Beek v. Henderson, 76 Ga. 360; Ins. Co. v. Stove Co. 97 Ill. 537; Spear v. Grant, 16 Mass. 9; Payne v. Bullord, 23 Miss. 88; Trust Co. v. Miller, 33 N. J. Eq. 155; Farrington v. Tenn., 95 N. S. 679; Shickle v. Watts, 94 Mo. 410; Howe v. Agricultural Works, 46 Ill. App. 85; Upton v. Tripilcock, 91 N. S. 45. (4) It is a general

principle that until a corporation is legally organized the coadventurers will be liable as partners for all debts contracted on behalf of the aggregate body, with their consent expressed or implied.   Taylor v. Branham, 35 Fla. 297; McDowell v. Joice, 149 Ill. 124; Kaiser v. Bank, 56 Iowa 104;   Smith v. Loncloner, 5 Cal. 365; Wheeler v. Thoyer, 121 Ind. 64; Warfield v. Canning Co., 72 Iowa 666; Liebby v. Toby, 82 Me. 397; Schricker v. Riding, 65 Mo. 208; Miley v. Parker, 7 Mo. App. 561; Cincinnati Coop. Co. v. Bates, 96 Ky. 356; Perkins v. Rouss, 78 Miss. 343; Mortin v. Fewell, 79 Mo. 401; Kimbell v. Davis, 52 Mo. App. 194; Guckart v. Hocker, 159 Pa. St. 303; Fuller v. Rowe, 57 N. Y. 23; Beger v. Hobbs, 96 Wis. 64; Biglow v. Gregory, 73 Ill. 197; Harris v. McGregor, 29 Cal. 124; Canal Co. v. Woodbury, 14 Cal. 424; Mining Co. v. Richards, 95 Mo. 106; Eaton v. Aspinwall, 19 N. Y. 119.

*John Schmook* for respondents.

(1)   Unless error appears on the face of the record the judgment should be affirmed.   State v. Walker, 171 Mo. 560.   (2)   No exceptions saved to the overruling of motion for new trial.   Petition and answers present respectively, cause of action and good defenses.   Record in other respects free from error.   The judgment should be affirmed.   State ex rel. v. Sanford, 181 Mo. 134.   (3) No exceptions saved to action of lower court in overruling motion for new trial, judgment should be affirmed.   Reynolds v. Railroad, 146 Mo. 128.   (4)   Where nothing is preserved by the record from which the appellate court can see whether the lower court erred, the correctness of the judgment of the lower court will be presumed.   Meade v. Matson, 9 Mo. 773.; Beckley v. Skroh, 19 Mo. App. 75; Riney v. Valandingham, 9 Mo. 807; Fahy v. Gordon, 133 Mo. 415.   It will be presumed that the lower court had before it evidence which would support the instruction and judgment complained of.

State v. Harkins, 100 Mo. 666; Routsong v. Railroad, 45 Mo. 236; Porth v. Gilbert, 85 Mo. 125; Christ v. Railroad, 36 Mo. App. 663.

BROADDUS, P. J.—This suit was begun in the Greene Circuit Court and change of venue had to Polk county where it was tried and judgment rendered for the defendants from which plaintiff appealed.

The defendants move to dismiss the appeal on two grounds, viz.: First, because appellant did not serve the respondents with a copy of its "Abstract, Statement and Brief" twenty days before the day set for the hearing of the case. Second, because the case was tried on the amended petition, answer thereto, and reply, which are not included in the transcript of the record.

In regard to the first ground for dismissal, it is only necessary to say that respondents' written acceptance of appellant's "Abstract, Statement and Brief," shows that it was served within the time mentioned. It is proper to state, however, that the appellant afterwards and not within the time, by one day, allowed for such service served the respondents with a corrected copy of its "Abstract, Statement and Brief" theretofore served. We do not think that because the corrected copy was not served within time required for filing the original it should be held a sufficient cause for a dismissal of the appeal, as it was not shown that respondents were in any way prejudiced thereby.

There is no sufficient showing that the pleadings in the case had been amended. It is true that there is a letter on file, of the circuit clerk of Polk county, to the effect that the transcript from Greene Circuit court showed that such amended pleadings were filed. Such letter is mere hearsay evidence and cannot be received to show that any such amended pleadings had been filed in said Greene Circuit Court. Such a fact, if it existed,

should have been shown under a proper certificate of the clerk attested by the seal of his office. We will therefore treat the transcript of the record as filed, as true, and that the cause was tried on the original pleadings as therein stated. There was no bill of exceptions filed; therefore the case is here for our consideration upon the record proper. In it alone we must look for error, and we must assume that all the controverted facts were found in favor of defendant.

At the beginning we are confronted with the statement in appellant's abstract that the court instructed the jury in substance, that, admitting all the evidence offered by the plaintiff to be true, still it was not entitled to recover and that they would return a verdict for defendants. If such an instruction was given, we cannot consider it because it can only be made to appear in a bill of exceptions, and, there being no such bill, it is no part of the record.

The assigned errors are as follows: That the trial court erred in instructing the jury, admitting plaintiff's evidence to be true, that the verdict should be for the defendants; that the court erred in holding that appellant's petition did not contain a cause of action; and in holding that the petition stated facts violative of sec. 8966, chapter 143, article 1, Revised Statutes 1899. There being no bill of exceptions, we cannot know that the court did any of the things alleged.

At the outset, it is proper to say that in so far as the respondent L. C. Baxter is concerned the judgment of the court will be sustained, for the reason that in her answer she denies under oath that she executed the contract in suit. This allegation in her answer raised an issue of fact, and, in the absence of anything shown to the contrary, the presumption is that the jury found against plaintiff on such issue. The judgment will therefore be affirmed as to L. C. Baxter.

The petition substantially states that the plaintiff

was at the times thereinafter alleged a corporation organized under the laws of the State of Illinois and doing business in the State of Missouri; and that on the seventeenth day of June, 1904, as the party of the first part entered into a contract with the defendants and others, by which it agreed to construct and equip a centrifugal power pasteurizing, sterilizing and ice cream plant and butter factory at or near Springfield, Missouri, on a site to be selected by the parties of the second part to conform to certain specifications, and to be completed in ninety days from the time a location was furnished by the parties of the second part. It is alleged that defendants and others agreed to pay plaintiff for constructing and equipping said plant and factory the sum of $10,-350, and further agreed at once to form a corporation under the laws of this State for the purpose of owning and operating said plant and factory at a fixed capital of not less than the said contract price of said plant and factory, each subscriber to receive certificates of stock in such corporation equal to the amount of their subscription when paid in full; that defendants by the said contract agreed to become stockholders in said corporation and agreed to pay plaintiff one thousand dollars, due and payable on the completion of said contract by the plaintiff; that a location was selected for said plant and factory; that the full amount of the capital of the corporation was subscribed; and that plaintiff completed the plant and factory and performed all the terms of his agreement. It is then alleged that defendants have failed and refused to pay said sum of one thousand dollars for which plaintiff asks judgment.

The defendant John Baxter filed an answer in which he sets up several defenses, among which is one stating that the plaintiff has received from the corporation organized under the contract the full contract price for the construction and equipment of said plant and factory. And one, to the following effect: That

the contract sued upon intended, and the purpose and object thereof was, the formation of an illegal combination, to be formed and consisting of the signers and subscribers thereto, to establish a trust designed to limit the price and production of the goods of the kind, bought, handled, produced and sold by the owners of said plant and factory provided for in said agreement, and that the said corporation organized by said signers and subscribers, excepting defendant L. C. Baxter, was had to effectuate this end, all of which was known to, and participated in by, the plaintiff; that all, or nearly all, of the signers and subscribers to the said contract who also subscribed to the articles of association of said corporation, and became, and are now stockholders therein, were and are engaged in the dairy and milk producing business, and that it was and is the purpose and object of said parties and stockholders to lessen the full and free competition in the manufacture and sale of articles, products and commodities bought, handled, manufactured, produced and sold by said corporation in violation of the statute, etc.

Either of these defenses, if proved, would be sufficient to prevent a recovery by the appellant. If the contract price for the construction of the plant and factory was paid in full by the other subscribers to the contract, the appellant had no valid demand against those who did not pay.

And if the plaintiff entered into a combination with the subscribers of the stock of the contemplated association with the purpose and intent to lessen full and free competition in the product and sale of articles, products and commodities to be bought, handled and manufactured, produced and sold by such contemplated association, the contract was void under section 8966, Revised Statutes 1899.

The appellant cites authorities to sustain the proposition that any device by which stockholders of a cor-

poration seek to avoid the liability imposed upon them by law is void as to creditors. There is no disputing the proposition, but it has no application. The plaintiff is charged with being a party to the illegal combination and, such being the case, it is not a creditor of the corporation. In fact, his suit is not against the corporation, nor against one of its members, but against a subscriber who agreed to, but failed and refused to become such.

We can find no error in the record proper; therefore the cause is affirmed. All concur.